MORROW, R. O., Associate Judge.
Plaintiff-appellant, Michael’s School of Dance & Charm, Inc., brought suit against Broward National Bank, as representative of the Olive Rankin Estate for services rendered. The president of Michael’s entered an affidavit that she was the major stockholder, kept the records, and observed decedent taking dancing lessons and that the deceased had received 1,283 hours of dance lessons, for which she owed $20 an hour. The court granted the bank’s motion for final summary judgment on the grounds that “Plaintiff will be barred from making out a prima facie case by virtue of the Dead Man’s Rule.”
Two questions are raised. First, that it was error to grant a summary judgment based on the Dead Man’s Rule; and second, that plaintiff failed to bring an action upon its claim within thirty days from the service of an objection thereto upon it. Fla.Stat. 733.705 (Supp.1974).
The affidavit in objection to the motion for summary judgment in this case does not preclude the showing of any other genuine issue of a material fact. It was error to assume such, in this case, harmless error. However, the above cited statute of limitation is effective in that there is no showing in the record that any extension of time was granted or applied for within *414 which to bring an action upon plaintiff’s claim.
Therefore, the judgment is affirmed.
Affirmed.
CROSS, J., concurs.
DOWNEY, J., specially concurs, with opinion.